United States District Court
For The District Of Columbia

**RECEIVED**
JUL 0 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Thornberry

V.

Federal Bureau of Prisons et al

No. 1:07-CV-00811-RWR

Motion for Protective Order housing plaintiff in Protective Custody in safe-keeping facility

Comes now, Daniel Lee Thornberry, plaintiff pro-se and respectfully moves this Honorable Court for a court order housing plaintiff in a facility commensurate with his security needs and yet will provide him with the protection necessary to safeguard his personal well being until such time as this Honorable

-1-

Court can rule on the merits of the above referenced civil action pending before this Honorable Court.

Plaintiff has attached a declaration of facts to this motion for the court to consider before ruling on this motion.

Respectfully submitted,

*Daniel Lee Thornberry*

6/24/07
executed this 24th day of June 2007

Daniel Lee Thornberry
Plaintiff pro-se

Declaration in support of motion for protective order housing plaintiff in protective custody in safe keeping facility

Comes now, Daniel Lee Thornberry, plaintiff pro-se, and respectfully requests this Honorable Court grant the attached motion based on reasons and the declared facts set forth herein.

First of all, the complaint in 1:07-CV-00811-RWR sets forth the physical jeapordy that plaintiff is in by simply being housed at the United States penitentiary in Lewisburg, Pennsylvania specifically and any United States penitentiary generally, as there are currently inmates housed in the same Special Housing Unit (Hereinafter refered to as SHU) that are aware

- 1 -

of the compromising of my identity to other inmates as an informant by correctional Lieutenant's ELee and L. Council as well as declared facts contained in 1:07-cv-0811-RWR.

Secondly, one of these inmates, as predicted by plaintiff to staff at FCC Butner, has been telling every inmate that will listen that the plaintiff is an informer for the staff thus endangering the safety, if not life of the plaintiff.

Third, plaintiff has attempted to enlist the assistance of the Special Investigative Section (Hereinafter refered to As SIS), However the investigation stalled while

-2-

the plaintiff was pending a disciplinary hearing before the Disciplinary Hearing Officer (Hereinafter refered to as DHO). The plaintiff was only pending a violation for assault and self-mutilation due to stress that was placed on his fragile psychological state due to the dangerous positions that staff were placing the plaintiff in.

Meanwhile, here at the United States Penitentiary at Lewisburg, Pennsylvania (Hereinafter USP-Lewisburg) SHU Lieutenant Fleming has conspired with the SIS technician to convince plaintiff that he is safe and should attempt general population,

-3-

Despite the obvious dangers that staff were made aware of, by telling him things such as "The white guys don't listen to the blacks when it comes to calling other whites 'snitches'" (the person spreading the rumour that plaintiff is a snitch is Black). This is patently false information!

Lieutenant Fleming has a history for showing a gross disreguard for plaintiffs' safety. Lieutenant Fleming was heard by the plaintiff to say "FUCK that COCKSUCKER" when other correctional officers attempted to make him aware of plaintiff's presence in the next room, while further discussing

—4—

a problem of plaintiff's relating to releasing plaintiff to general population, LT Fleming was heard by the plaintiff saying "my name ain't momma".

Fourth, prior to transfer from the Federal Correctional Complex in Butner, North Carolina to USP - Lewisburg, Pennsylvania correctional officer Whitfield was heard telling inmate L. Carter (last three numbers in his register number 019 (indicating an Atlanta Georgia origin)) "You know what to do when you get to Oklahoma.

Fifth, plaintiff is nearing the end of his sentence and is not an escape risk or

-5-

even a very great assault risk.

The point of this declaration is that on every front, be it FCC Butner or USP Lewisburg, there is a culture of exposing informants to their peril by staff, especially if there is friction between said inmate and staff. Plaintiff can produce witnesses (staff and inmate) to this effect.

Based on the aforementioned declaration, fact and personal observation; plaintiff declares that it is impossible for the Federal Bureau of Prisons through Director Harley G. Lappin and Lewisburg USP Warden Troy Williamson; to provide adequate

-6-

protection for plaintiff through the duration of this civil action, if at all.

Plaintiff respectfully suggests a protective court order to house plaintiff, temporarily, for an initial duration of six (6) months, at either the Federal Detention Center at Philadelphia, Pennsylvania, or the Federal Detention Center in Manhattan New York, NY or in such place as this Honorable Court deems appropriate.

Plaintiff prays this Honorable Court's prompt attention in this matter.

Respectfully submitted,

-7-

*[signature]*
Daniel L. Thornberry
Plaintiff pro-se