UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF Columbia

Daniel Lee Thornberry            civil action no. 1:07-cv-0081

V

Federal Bureau of Prisons       LEAVE TO Amend
   Defendant                     Complaint
Harley G. Lappin, Director
Sued in his official Capacity only

Lieutenant ELCee (phonetically spelled) FNU
Sued in his official and personal Capacity

Lieutenant L. Counell, FNU
Sued in his official and personal Capacity

RECEIVED
JUL 1 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Comes now, Daniel Lee Thornberry, plaintiff pro-se and moves this Honorable Court to permit him to amend his complaint against the above-captioned defendants to include proper form and to include facts and details necessary to properly prosecute this civil action.

Plaintiff prays this Honorable Court grant the

-1-

petitioner the relief requested and any and all other relief deemed just and proper.

Executed this 16th day of July 2007

Respectfully Submitted,

*Daniel Lee Thornberry*

Daniel Lee Thornberry
Plaintiff Pro-se

United States District Court
For the District of Columbia

Daniel Lee Thornberry          Civil action no. 1:07-cv-0811-RWR

  V.

Federal Bureau of Prisons      Complaint
Harley G. Lappin, Director     per 28 USC 1331(a)
                               and 42 USC 1983
Sued in his official capacity only    Bivens v. Six unknown
                               Fed. narcotics agents
                               (Amended)
                               Jury Demand

Lieutenant Elcee (FNU) (Phonetically spelled)
  Sued in his official and personal capacity
Lieutenant L. Council (FNU) Sued in his
  Official and personal capacity

  Comes now, Daniel Lee Thornberry, plaintiff pro-se and respectfully moves this Honorable Court for the relief requested herein and any and all relief this court deems just and proper.

## Jurisdiction

This court has subject matter jurisdiction over this matter as the policies that govern the Federal Bureau

— 1 —

Of prisons, And the STAff members And employees As well As the Director of the Bureau of Prisons that are in supervisory authority over the remaining defendants in this civil action promulgate policy in the District of Columbia. The Bureau of Prisons' central office is located in the District of Columbia as well. It is Anticipated that there may be multi jurisdictional issues arise in this suit and The District of Columbia's District court would be well suited to referee any disputes that could arise from these potential regional problems.

## Complaint

On December 26, 2006, the plaintiff approached Lieutenant ELee FNU at the

Lieutenants office for the general population. AT THAT Time, the plaintiff related TO LT. ELCee His need for protective Costody due TO owing money on the Compound for Commisary items. Lieutenant ELCee Then Stated "your word is no good... I ought to send you back to the Unit & Let them beat your ASS". THIS WAS An example of that Lieutenants Attitude toward Many other inmates at the institution at that time. This WAS in direct violation of Bureau of Prisons Policy not TO harass inmates based on a STAFF's personal Feelings. However, it did not end there, ~~the following day~~ AT THAT time Lieutenant EL Cee asked the inmate who he owed.

-3-

The plaintiff responded "Bart Spencer". The LT then ordered an officer to escort the plaintiff, without handcuffs and without securing the compound, to the Special Housing Unit until the Special Investigative Agent (SIS) Lieutenant (L. Council) could interview him. The following morning, Lieutenant L. Council, FNU, requested the Special Housing Unit (hereinafter refered to as SHU) officers to have the plaintiff brought to the Compound Lieutenant's office. This office is also commonly known to house the SIS Lieutenant's office. After a series of questions by Lieutenant L. Council, as well as phone calls to the unit officer that Bart Spencer and Michael Keith were

-4-

housed in. It was at this time that the plaintiff notified Lt L. Council that Michael Keith was pressuring mentally ill inmates for commisary items.

Lt. L. Council then had the plaintiff escorted to the SHU unit in front of the unit where the above-mentioned inmates were housed. This was essentially incompetent gestures. However, the violation of plaintiff's eighth Amendment right to be free from cruel and unusual punishment occurred when defendant Council questioned plaintiff at the SHU (as he could have done from the begining) and informed plaintiff that he had spoken to several inmates "on the compound" and discovered

That the plaintiff owed "quite a bit" of money to several different people. When plaintiff asked Lt. Council how he came about his information he stated "I've asked around about you". This was in clear violation of Bureau of prisons policy to keep confidential informants names, well, confidential. Thus, Lt. Council acted of his own volition and on his own inititive.

Several interviews with Lt. Council later, the plaintiff, seeing it was becoming impossible to return to general population, asked Lt. Council what his problem was with the plaintiff. Lt Council said "I don't like your style" and "you've

-6-

caused me nothing but problems." This is blatant evidence that Lt. Council acted on his own to deprive the plaintiff of His right to be free from cruel and unusual punishment. It Also Shows Deliberate Indifference to plaintiff's safety as exposing him as an informant Jeapordizes the safety of the plaintiff in any institution where the plaintiff and these other "Unknowns" are together. This was reckless behavior.

Later, when it was decided that the plaintiff would be transfered from FCI-Butner med to USP-Lewisburg, the plaintiff was moved to the Low Security Correctional Institution, hereinafter refered to As LSCI-Butner, N.C. It was

-7-

at this time that it became apparent to the plaintiff and the SHU LT. D. Moses that Bart Spencer had told anyone who would listen that the plaintiff was an informant and should be beaten and stabbed if possible if anyone could get to him (plaintiff). When the plaintiff asked LT. D. Moses if he knew where Spencer had gotten his information, Moses became visibly uncomfortable, then said "I didn't tell you this but word is LT. Council blew this out of proportion." The plaintiff then asked why Spencer was being allowed back in general population and the plaintiff was not. Moses replied "I'm no longer SIS Lieutenant, if I were, I would have handled this completely different.

-8-

plaintiff was under the care of a psychiatrist for the previous 13 years. During his stay in the Special Housing Unit at FCI-Butner and LSCI-Butner he experienced several psychotic episodes that led to staff having to be called in to calm his fears of attack (see psychiatric file from the Federal Bureau of Prisons. Treating psychologist Dr. Dawn Graney and treating psychiatrist Dr. Tom Owens). During the investigation, plaintiff's psychiatric health suffered greatly. Plaintiff has been diagnosed with a myriad of psychiatric disorders. The malicious treatment by Bureau officials caused plaintiff to decompensate to a level that has not been recovered from.

-9-

Exhaustion of Administrative Remedies

Plaintiff declares that Administrative remedies were not exhausted as plaintiff's life was and currently is in danger due to the unlawful conduct of the defendants. Defendant is currently requesting the protection of this Honorable Court to remedy the problems created by the defendants which this civil action seeks to remedy.


## Relief Requested

Plaintiff respectfully requests the trier of fact to find for the plaintiff and against Defendant Federal Bureau of prisons, through Defendant Harley G. Lappin Director FBOP to enjoin said Bureau of prisons from Housing plaintiff in any United States Penitentiary and to further consult the United States District Court for the District of Columbia before Housing plaintiff in any Federal correctional Institution and to Consider housing plaintiff in a State penal institution, that is appropriate to his security level and governmental penal interests.

Plaintiff further requests the trier of fact to find for the plaintiff and against Defendant Lt. Elcee FNU in the amount of $25,000 for punitive

-11-

Damages, for dereliction of duty and failure to protect $25,000. Compensatory damages for cruel and unusual punishment and $25,000 compensatory damages for psychological torment.

Plaintiff further requests the trier of fact to find for the plaintiff and against the Defendant ~~in the amount~~ Lt. L. Council in the amount of $25,000 Compensatory Damages for dereliction of duty and failure to protect, $25,000 punitive damages for cruel and unusual punishment and $25,000 Compensatory damages for psychological torment and $25,000 compensatory damages for recklessly endangering the life of an inmate under his custody, care & protection.

-12-

Plaintiff further requests the trier of fact to award plaintiff all court costs and reasonable attorney's fees to be paid by Defendant's Elcee and Council.

Executed this 16th day of July

Respectfully Submitted,

Daniel Lee Thornberry
Plaintiff, pro-se