United States District Court
For the District of Columbia

Daniel Lee Thornberry        Civil action no. 1:07-cv-0811-RWR

   v.

Federal Bureau of Prisons

Harley G. Lappin, Director

Sued in his official capacity only

Lieutenant Elee (FNU) (Phonetically spelled)
   Sued in his official and personal capacity

Lieutenant L. Council (FNU)  Sued in his
   official and personal capacity

Complaint
Per 28 USC 1331(a)
and 42 USC 1983
Bivens v. Six unknown
Fed. Narcotics agents
(Amended)
   JURY DEMAND

   COMES NOW, Daniel Lee Thornberry, plaintiff

pro-se and respectfully moves this Honorable Court

for the relief requested herein and any and all

relief this court deems just and proper.


   Jurisdiction

This court has subject matter jurisdiction over

this matter as the policies that govern the Federal

Bureau

— 1 —

Of Prisons, And the STAFF members And employees
As well As the Director of the Bureau of
Prisons that are in Supervisory authority over
the remaining defendants in this Civil action
promulgate Policy in the District of Columbia.
The Bureau of Prisons' Central office is located
in the District of Columbia as well. It is
Anticipated that there may be multi Jurisdictional
issues arise in this suit and The District of
Columbia's District court would be well suited to
referee Any disputes that could Arise from
these potential regional problems.

<u>Complaint</u>

On December 26, 2006, the plaintiff
Approached Lieutenant Elee FNU at the

-2-

Lieutenants office for the general population.
At that time, the plaintiff related to Lt. Elcee
His need for protective custody due to owing
money on the compound for commisary items.
Lieutenant Elcee then stated "your word is
no good... I ought to send you back to the
unit & let them beat your ass". This was
an example of that Lieutenants Attitude toward
many other inmates at the institution at that
time. This was in direct violation of Bureau of
Prisons policy not to harass inmates based on
a staff's personal feelings. However, it did not
end there, ~~the following day~~ At that time
Lieutenant Elcee asked the inmate who he owed.

-3-

The plaintiff responded "Bart Spencer". The LT then ordered an officer to escort the plaintiff, without handcuffs and without securing the compound, to the Special Housing Unit until the Special Investigative Agent (SIS) Lieutenant (L. Council) could interview him.

The following morning, Lieutenant L. Council, FNU, requested the Special Housing Unit (herein-after refered to as SHU) officers to have the plaintiff brought to the Compound Lieutenant's Office. This office is also commonly known to house the SIS Lieutenant's Office. After a series of questions by Lieutenant L. Council, as well as phone calls to the unit officer that Bart Spencer And Michael Keith were

-4-

housed in. It was at this time that the plaintiff notified Lt L. Council that Michael Keith was pressuring mentally Ill inmates for Commisary items.

LT. L. Council Then had the plaintiff escorted to the SHU unit in front of the Unit where the above-mentioned inmates were housed. This was essentially incompetent gestures. However, The violation of plaintiff's eighth Amendment right to be free from cruel and unusual punishment occurred when defendant Council questioned plaintiff at the SHU (as he could have done from the begining) and informed plaintiff that he had spoken to several inmates "on the Compound" and discovered

THAT the plaintiff owed "quite a bit" of money to several different people. When plaintiff asked LT. Council how he came about his information he stated "I've asked around about you". This was in clear violation of Bureau of prisons policy to keep confidential informants names, well, confidential. Thus, LT. Council acted of his own volition and on his own inititive.

Several interviews with Lt. Council later, the plaintiff, seeing it was becoming impossible to return to general population, asked LT. Council what his problem was with the plaintiff. LT Council said "I don't like your style" and "you've

Caused me nothing but problems! This is blatant evidence that LT. Council acted on his own to deprive the plaintiff of his right to be free from cruel and unusual punishment. It also shows Deliberate Indifference to plaintiffs safety as exposing him as an informant Jeapordizes the safety of the plaintiff in any institution where the plaintiff and these other "Unknowns" are together. This was reckless behavior. Later, when it was decided that the plaintiff would be transfered from FCI-Butner med to USP-Lewisburg, the plaintiff was moved to the Low Security Correctional Institution, hereinafter refered to As LSCI-Butner, N.C. It was

-7-

at this time that it became apparent to the plaintiff and the SIU LT. D. Moses that Bret Spencer had told anyone who would listen that the plaintiff was an informant and should be beaten and stabbed if possible if anyone could get to him (plaintiff). When the plaintiff asked LT. D. Moses if he knew where Spencer had gotten his information, Moses became visibly uncomfortable, then said "I didn't tell you this but word is LT. Council Blew this out of proportion." The plaintiff then asked why Spencer was being allowed back in general population and the plaintiff was not. Moses replied "I'm no longer SIS Lieutenant, If I were, I would have handled this completely different.

plaintiff was under the care of a psychiatrist for the previous 13 years. During his stay in the Special Housing Unit at FCI-Butner and LSCI-Butner he experienced several psychotic episodes that led to staff having to be called in to calm his fears of attack (see psychiatric file from the Federal Bureau of prisons. Treating psychologist Dr. Dawn Graney and Treating psychiatrist Dr. Tom Owens). During the investigation, plaintiff's psychiatric Health suffered greatly. plaintiff Has been diagnosed with a myriad of psychiatric disorders. the malicious treatment by Bureau officials caused plaintiff to decompensate to a level that has not been recovered from.

-9-

## Exhaustion Of Administrative Remedies

Plaintiff declares that Administrative remedies were not exhausted as plaintiffs life was and currently is in danger due to the unlawful conduct of the defendants. Defendant is currently requesting the protection of this Honorable Court to remedy the problems created by the defendants which this civil action seeks to remedy.

# Relief Requested

Plaintiff respectfully requests the trier of fact To find for the plaintiff And against Defendant Federal Bureau of prisons, through Defendant Harley G. Lappin Director FBOP To enjoin said Bureau of prisons from Housing plaintiff in any United States Penitentiary and to further Consult The United States District Court for the District of Columbia before Housing plaintiff in any Federal Correctional Institution and to Consider housing plaintiff in a State Penal institution, that is appropriate to his Security level and governmental penal interests,

Plaintiff further requests the trier of fact to find for the plaintiff and against Defendant CTi ELCee FNU in the amount of $25,000 for punitive

-11-

Damages, for dereliction of duty and failure
To protect $25,000. Compensatory damages for
cruel and unusual punishment and $25,000 Compensatory
damages for psychological Torment.

Plaintiff further requests the trier of fact to
find for the plaintiff and against the Defendant
in the amount LT. L. Council in the amount
of $25,000 Compensatory Damages for dereliction
of duty and failure To protect, $25,000 punitive
Damages for cruel and unusual punishment and
$25,000 Compensatory damages for psychological
Torment and $25,000 Compensatory damages for
recklessly endangering the life of an inmate under
his custody, care & protection.

Plaintiff further requests the trier of fact to award plaintiff all court costs and reasonable attorneys fees to be paid by Defendant's Elcee and Council.

Respectfully Submitted

Daniel Lee Thornberry
plaintiff, pro-se

executed this 16th day of July