# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                        )
DANIEL LEE THORNBERRY,                  )
                                        )
                    Plaintiff,          )
                                        )
          v.                            )      Civil Action No. 07-0811 (RWR)
                                        )
FEDERAL BUREAU OF PRISONS, et al.       )
                                        )
                    Defendants.         )
                                        )
———————————————————————)

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), (5) and (6), defendants, Harley Lappin, Director, Federal Bureau of Prisons (BOP), BOP employees Lieutenant Lewis Council and Lieutenant Robert Elsea, respectfully request that the Court dismiss this matter in its entirety.

In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities and to the entire record in this case. A proposed Order consistent with the relief sought herein is attached.

*Pro se* plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.3d 507, 509 (D.C. Cir. 1988).

                              Respectfully submitted,

                              __/s/_____
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney

                              __/s/_____
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney

\_\_/s/_____
QUAN K. LUONG, D.C. BAR #
Special Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
DANIEL LEE THORNBERRY,                   )
                                        )
            Plaintiff,                   )
                                        )
        v.                               )        Civil Action No. 07-0811 (RWR)
                                        )
FEDERAL BUREAU OF PRISONS, et al.        )
                                        )
            Defendants.                  )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF DEFENDANTS' MOTION TO DISMISS**

### INTRODUCTION

Defendants, Harley Lappin, Director, Federal Bureau of Prisons (BOP), BOP employees Lieutenant Lewis Council and Lieutenant Robert Elsea, hereby submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), (5) and (6).  For the reasons set forth below, the defendants respectfully request that the Court dismiss this matter in its entirety.

### BACKGROUND

On May 15, 2000, _pro se_ plaintiff Daniel Thornberry, federal register number 88416-011, was sentenced in the United States District Court for the Southern District of California to a 120 month term of imprisonment with a three year term of supervised release for bank robbery.  See SENTRY Public Information Inmate Data.  Plaintiff is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.  Id.  However, the events surrounding plaintiff's complaint occurred while he was incarcerated at the Federal Correctional Institute ("FCI") in Butner, North Carolina.  Amended Compl. at 7.  His projected release date is January 6, 2010. Id.

On or about May 3, 2007, plaintiff filed a complaint under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) (hereinafter "<u>Bivens</u>") against the Federal Bureau of Prisons ("BOP") and the other named individual defendants. Docket Entry 1.  Plaintiff then filed an amended <u>Bivens</u> complaint on or about July 18, 2007. Docket Entry 11 (Amended Compl).  In his amended complaint, plaintiff alleges that while incarcerated at the FCI in Butner, NC, the BOP and BOP employees Lieutenant Elsea and Lieutenant Council, violated his Eighth Amendment rights by mishandling his complaints of alleged misconduct by some of his fellow inmates.  Specifically, plaintiff alleges that in December, 2006, he approached Lieutenant Elsea and advised him that he needed to be placed into protective custody because he owed money to some of the other inmates.  Amended Compl. at 2-3.  Though Lieutenant Elsea placed the plaintiff into the Special Housing Unit ("SHU"), plaintiff claims that because Lieutenant Elsea and Lieutenant Council questioned him and other inmates about his allegations, he was somehow exposed as an informant.  <u>Id</u>. at 3-7.  Plaintiff claims that his safety has been jeopardized and that his psychiatric health has suffered as a result of defendants' actions.  <u>Id</u>. at 7-9.  Though plaintiff brings the instant complaint, he admits that he has failed to exhaust his administrative remedies with regards to any of these allegations.  <u>Id</u>. at 10.

As relief, plaintiff requests monetary damages in the amount of $75,000.00 and $100,000.00 against individual defendants Lieutenant Elsea and Lieutenant Council, respectively.  <u>See</u> Amended Compl. at 11-12.  Plaintiff also seeks injunctive relief asking the Court to enjoin defendant BOP from housing him in any United States Penitentiary or federal correctional institution.  <u>Id</u>. at 11.

# ARGUMENT

**A.      Sovereign Immunity Bars Any Constitutional Claims Against BOP And The Individual Defendants In Their Official Capacities**

To the extent that plaintiff seeks damages for alleged constitutional violations against BOP and the individual defendants in their official capacities, their claims must be dismissed absent a waiver of sovereign immunity.  FDIC v. Meyer 510 U.S. 471 (1994); Meyer v. Reno, 911 F. Supp. 11 (D.D.C. 1996); Marshall v. Reno, 915 F. Supp. 426 (D.D.C. 1996); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 55 (D.D.C. 1995).  The inherent sovereign immunity of the United States protects it and its agencies [such as the BOP] from suit absent express waiver. See United States v. Nordic Village, 503 U.S. 30 (1992).  Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government.  Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984).  Plaintiff's complaint does not contain any colorable basis for such a waiver.[1]  Therefore, to the extent plaintiff asserts claims for damages against the individual defendants in their official capacities and the BOP as an agency, such claims must be dismissed for lack of subject matter jurisdiction.

**B.      This Court Has No Personal Jurisdiction**

Plaintiff has not shown that any of the individual defendants named in this lawsuit are

---

[1] When a plaintiff seeks monetary relief in tort against a department of the United States, the only possible basis for relief would be under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  Plaintiff does not assert that he has exhausted necessary administrative remedies under the FTCA, which is a prerequisite to bringing an FTCA claim.  GAF Corp. v. United States, 818 F.2d 901, 904-05 & n.6 (D.C. Cir. 1987).  Moreover, the FTCA does not waive sovereign immunity for alleged constitutional torts.  28 U.S.C. § 2679(b)(1), (2); Meyer v. Fed. Bureau of Prisons, 929 F.Supp. 10, 13 (D.D.C.1996); Kline v. Republic of El Salvador, 603 F.Supp. 1313, 1316-17 (D.D.C.1985).

3

residents of the District of Columbia.  Therefore, there is no in personam jurisdiction.

### 1.    Plaintiff's burden

It is the plaintiff who bears the burden of pleading the facts necessary to substantiate in

personam jurisdiction in this Court.  Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir.

1999).  As explained by this Court in Edmond v. U.S. Postal Service, 727 F. Supp. 7, 10

(D. D.C. 1989), aff'd in part and rev'd in part, 949 F.2d 415 (D. C. Cir. 1991):

> A plaintiff in district court must plead essential jurisdictional facts and must carry
> throughout the litigation the burden of showing that he is properly in court.  "If his
> allegations of jurisdictional facts are challenged by his adversary in any
> appropriate manner, he must support them by competent proof.  And where they
> are not so challenged the court may still insist that the jurisdictional facts be
> established or the case be dismissed, and for that purpose the court may demand
> that the party alleging jurisdiction justify his allegations by a preponderance of
> evidence."  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189
> (1936).

Plaintiff has failed and cannot meet his burden to establish such necessary facts.  All individually

named defendants are moving for their dismissal from this lawsuit based upon lack of in

personam jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).

### 2.    D.C. Code §13-423, the "Long Arm" statute

In personam jurisdiction may be maintained by the United States District Court for the

District of Columbia only if permitted by the "long arm" laws of the District of Columbia.  Crane

v. Carr, 814 F. 2d 758, 762 (D.C. Cir. 1987).  The District of Columbia exercises personal

jurisdiction based upon the  D.C. Code's "long arm" statute at D.C. Code §13-423 (2000), which

states in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person,
> who acts directly or by an agent, as to a claim for relief arising from the person's--
>
> > (1) transacting any business in the District of Columbia;
> > (2) contracting to supply services in the District of Columbia;

4

(3) causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortuous injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

(5) having an interest in, using, or possessing real property in the District of Columbia;

(6) contracting to insure or act as surety . . . ; or

(7) marital or parent and child relationship. . . .

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

In the instant case, plaintiff's pleading does not establish proper *in personam* jurisdiction in the United States District Court for the District of Columbia under § 13-423. Crane at 762. First, as set forth in the plaintiff's amended complaint, defendants Elsea and Council are employed at the FCI in Butner, NC. Moreover, plaintiff does not allege that any of the defendants transacted any business or contracted to supply services in the District of Columbia, nor have the caused any tortious injury in the District of Columbia. Moreover, *in personam* jurisdiction cannot be predicated on the provisions of the sections (a)(3) and (4) of the "long arm" statute because the plaintiff does not and cannot claim that the federal employees at the federal prison where he was housed outside the District caused him tortious injury within the District of Columbia. The injuries about which plaintiff complains occurred in Butner, NC and he alleges no facts to establish that he suffered any injury in the District of Columbia. See Farmer v. Moritsugu, 163 F.3d 610 (D.C. Cir. 1998) (local medical staff treating in BOP institutions outside D.C. not subject to personal jurisdiction); Meyer v. Federal Bureau of Prisons, 940 F. Supp. 9 (D. D.C. 1996) (No personal jurisdiction over Bureau of Prisons case manager working in Rochester, Minnesota, sued in D.C. in individual capacity by inmate based

upon claimed inaccuracy of prison records). There is no *act* or *injury* alleged to have been accomplished within the District of Columbia by any of these defendants. Any injury to plaintiff necessarily took place outside the District of Columbia, since he was never housed here and all allegations in this action pertain to his incarceration in the FCI in Butner, NC. Therefore, this Court lacks personal jurisdiction over the defendants for activities taking place outside the District of Columbia.

3.      **In personam jurisdiction requires "minimum contacts"**

In order for the District Court for the District of Columbia to have personal jurisdiction over a non-resident defendant, jurisdiction must be proper under both the District of Columbia long-arm statute and consistent with the demands of due process. United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Crane v. Carr, 814 F.2d 758, 762 (D.C. Cir. 1987). "Since the District of Columbia's long-arm statute has been held to extend as far as the Due Process Clause allows, Mouzavires v. Baxter, 434 A.2d 988 (D.C. 1981) (en banc), cert. denied, 455 U.S. 1006 (1982), personal jurisdiction exists when the defendant has purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.' Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987)." Wiggins v. Equifax Inc., 853 F. Supp. 500 (D. D.C. 1994). "Plaintiff's claim for relief must arise from the defendants' contacts with the District of Columbia and his 'claims must bear some relation to the acts in the District that are relied upon to confer personal jurisdiction.' [D.C. Code] § 13-423(b). Bayles v. K-Mart Corp., 636 F. Supp. 852, 854 (D.D.C. 1986)." Id. at 502.

The burden is again on the plaintiff to establish that this Court can exercise personal jurisdiction over defendants consistent with the Due Process Clause. Blumenthal v. Drudge, 992

6

F. Supp. 44, 53 (D. D.C. 1998).  Plaintiff in this case has wholly failed to allege such facts, and the allegations against all these defendants do not establish "minimum contacts" necessary to confer personal jurisdiction upon the District Court for the District of Columbia.  The mere fact that defendants are employees of the BOP and the Central Office of that agency happens to be in Washington, D.C., is insufficient to establish the requisite "minimum contacts" with the District of Columbia.  Cameron v. Thornburgh, 983 F.2d 235, 256 (D.C. Cir. 1993); see James v. Reno, et al., No. 99-5081, 1999 WL 615084 (D.C. Cir. Jul. 2, 1999) (Inmate's security classification and transfer request made in Texas; both federal prisons at issue located in Texas; no injury suffered in the District of Columbia; mere fact that White and Snider are employees of the Bureau of Prisons based in D.C. insufficient to establish requisite "minimum contacts" with District); Meyer v. Reno, 911 F. Supp. 11, 14 (D.D.C. 1996) (Bureau of Prisons employee who works at FCI Memphis, Tennessee and three Florida State attorneys not alleged to conduct any business or make any contracts for services and no injury alleged to have been suffered in the District of Columbia, so court cannot exercise jurisdiction over them).

The presence in the District of Columbia of the defendants must be "continuous and systematic" and relative to the claim to meet the "minimum contacts" requirement.  International Shoe Co. v. Washington, 326 U.S. 310 (1945).  In this case, these non-resident defendants lack the requisite minimum contacts with the District of Columbia because the operative facts of any claim herein arose in North Carolina.  Therefore, defendants' motions to dismiss under Rule 12(b)(2) should be granted, and they should be dismissed from this suit.

**C.     Venue Is Improper**

Plaintiff's Bivens claims against the individual defendants must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.  Venue in Bivens cases is governed by

28 U.S.C. § 1391(b).  See Stafford v. Briggs, 444 U.S. 527, 544 (1980); Cameron v. Thornburgh, 983 F.2d 253, 257 (D.C. Cir. 1993); Pollack v. Meese, 737 F. Supp. 663, 665 (D.D.C. 1990). Under § 1391(b), a Bivens cause of action may be brought only in a judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found if there is no district in which the action may otherwise be brought.  See 28 U.S.C. § 1391(b).

Historically, the D.C. federal courts do not permit inmates incarcerated in other jurisdictions to challenge conditions of confinement in this district simply because it is the location of the Bureau's Central Office.  The BOP has over 170,000 inmates in over 100 institutions nationwide.  See www.bop.gov ("public information, quick facts and statistics"). Courts  recognize the danger of giving all federal inmates the opportunity to bring their claims here in the district: "Courts in this circuit must examine the challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia."  Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993).

In the instant case, venue is not proper in United States District Court for the District of Columbia under 28 U.S.C. § 1391(b).  Plaintiff has provided no evidence that the federal defendants reside in the same state, none of the events giving rise to the claim occurred within the District of Columbia, and plaintiff does not reside in the District, therefore, venue is improper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and Meyer v. Reno, et al., 911 F. Supp. 11, 15 (D.D.C. 1996).  Because venue is improper, the Court should dismiss plaintiff's Bivens claims under Fed. R. Civ. P. 12(b)(3).

## D.    Plaintiff Has Not Perfected Service Against Individual Defendants

None of the individual defendants in this action were properly served with the complaint

8

in accordance with the rules applicable to individual defendants.  Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997).  It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure.  Id.  Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant dwelling house or usual place of abode with some person of suitable age and discretion who resides there.  Fed. R. Civ. P. 4(e).  The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail.  Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant.  Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); See also Stafford v. Briggs, 444 U.S. 527 (1980).

In this case, plaintiff served the individual defendants only at their respective places of employment.  See Docket Entry 7.  Service at the defendant's place of employment is not proper service.  Because the record in this action is devoid of any evidence of proper personal service upon the federal defendants in their individual capacities, this action cannot proceed against them individually and all claims against the defendants in their individual capacity should be dismissed.

The District Court will lack jurisdiction over the federal officials, until all of the provisions of Rule 4(i)(1) and (2) are met.  Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988); Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 594 (1st Cir. 1982).  It is the plaintiff in a civil action who has the burden of establishing the validity of

service of process.  Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476,

488 (3d Cir. 1993); Lensel Lopez v. Cordero, 659 F. Supp. 889, 890 (P.R. 1987).  Therefore, if

that cannot be demonstrated, this case should be dismissed based upon insufficiency of service of

process under Rule 12(b)(5).  Accordingly, claims against the individual defendants should be

dismissed.

**E.      Plaintiff Fails to State a Claim Upon Which Relief Can be Granted**

       **1.      Plaintiff fails to state a cognizable Eighth Amendment claim**

       The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

Const. Amend. VIII.  When evaluating claims for cruel and unusual punishment, courts make a

two-part inquiry:  (1) whether the defendants acted with a sufficiently culpable state of mind (the

"subjective component"), and (2) whether, in light of "contemporary standards of decency," the

alleged deprivation was sufficiently serious to rise to the level of a constitutional violation (the

"objective component").  Wilson v. Seiter, 501 U.S. 294, 298 (1991).

       The subjective component is satisfied by showing "deliberate indifference" by prison

officials.  Id. at 303.  See Estelle v. Gamble, 429 U.S. 97, 105 (1976) ("deliberate indifference to

a prisoner's serious illness or injury" violates the Eighth Amendment).  "[D]eliberate indifference

entails something more than mere negligence [but] is satisfied by something less than acts or

omissions for the very purpose of causing harm or with knowledge that harm will result."

Farmer v. Brennan, 511 U.S. 825, 835 (1994).  See Whitley v. Albers, 475 U.S. 312, 319 (1986)

("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the

conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs

in connection with establishing conditions of confinement, supplying medical needs, or restoring

official control over a tumultuous cellblock.").  To constitute cruel and unusual punishment,

10

conduct "must involve more than ordinary lack of due care for the prisoner's safety; mere negligence will not suffice." Morgan v. Dist. of Columbia, 824 F.2d 1049, 1057 (D.C. Cir. 1987) (citing Whitley, 475 U.S. at 319).

The objective component is satisfied by showing that the conditions of confinement "involve the wanton and unnecessary infliction of pain" or are "grossly disproportionate to the severity of the crime warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). See Caldwell v. Caesar, 150 F. Supp.2d 50, 61 (D.D.C. 2001) ("Conditions of confinement will violate the Eighth Amendment if the deprivation is sufficiently serious, judged objectively, that is, when the prisoner is denied 'the minimal civilized measure of life's necessities.' ") (quoting Farmer, 511 U.S. at 834) (quoting Rhodes, 452 U.S. at 347)).  What is necessary to establish an "unnecessary and wanton infliction of pain," varies according to the nature of the alleged constitutional violation." Whitley at 320.

In this case, plaintiff's Eighth Amendment claim centers around his allegations that the BOP and its employees somehow exposed him as an informant by questioning him and others about his allegations of misconduct regarding other inmates.  See Amended Complaint, p. 7. Plaintiff speculates that, as a result, his safety has been jeopardized.  As discussed below, these sparse allegations fail to satisfy either the objective or subjective component of the Farmer test and plaintiff thus fails to state an Eighth Amendment claim.

First, plaintiff fails to demonstrate that any of the named defendants acted with "deliberate indifference" that resulted in a constitutional deprivation.  Plaintiff alleges that Lieutenants Elsea and Council, in considering his request to be placed into protective custody, investigated his allegations of misconduct by interviewing him and other inmates.  Amended Compl. at 4-7.  It is unclear how such conduct demonstrates "deliberate indifference" to

11

plaintiff's constitutional rights.  Even construing plaintiff's allegations liberally and as true, he

establishes only that Lieutenants Elsea and Council may have acted negligently or incompetently

in the course of their investigation.[2]  Such allegations do not establish the "deliberate

indifference" necessary to make out an Eighth Amendment claim.

Second, plaintiff also fails to demonstrate any constitutional violation that is sufficiently

serious to satisfy the objective prong of the Farmer test.  It is well settled that inmates have a

constitutional right, secured by the Eighth Amendment, to reasonable protection from the

constant threat of violence from other inmates.  Purvis v. Ponte, 929 F.2d 822 (1st Cir. 1991);

Ramos v. Lamm, 639 F.2d 559 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981); Owens v.

Hass, 601 F.2d 1242 (2d Cir.), cert denied, 444 U.S. 980 (1979); Jones v. United States, 534 F.2d

(5th Cir.), cert. denied , 429 U.S. 978 (1976); Small v. Weekly, 749 F.Supp. 1052 (D.Colo.

1990); Duran v. Anaya, 642 F.Supp. 510 (D.N.M. 1986).  However, courts have recognized that

life inside a maximum security penitentiary subjects an inmate to certain risks and that it is

unreasonable to expect institution staff to make penitentiaries risk-free.  Walker v. U.S., 437 F.

Supp. 1081 (D. Oregon, 1977).  In this case, plaintiff alleges that his safety has been jeopardized

and sets forth nothing more than speculative and conclusory allegations that another inmate

threatened violence against him.  Amended Compl. at 8.  Plaintiff does not provide any other

detail or proffer any evidence to support such allegations.  Even if true, plaintiff's allegations do

not establish a deprivation sufficiently serious to rise to the level of a constitutional violation.

---

[2] In his amended complaint, plaintiff refers to certain actions by Lieutenant Council as
"incompetent gestures."  Amended Compl. at 5.  Such allegations, even if true, are not
demonstrative of the "deliberate indifference" plaintiff is required to show pursuant to an Eighth
Amendment claim.  It also bears nothing that plaintiff does not allege, let alone demonstrate, that
either individual intentionally disclosed to any inmates that plaintiff was cooperating in an
investigation.

Wilson, 501 U.S. at 298.  Moreover, plaintiff is no longer at FCI Butner.

Accordingly, this Eighth Amendment claim should be dismissed.[3]

> **2.      Plaintiff Is Not Entitled To The Relief Requested, Because He Has No Protected Liberty Interest In Being Assigned To A Particular Institution**.

Plaintiff challenges his recent transfer to the United States Penitentiary in Lewisburg, PA. See Amended Compl.  As relief, he asks the Court to enjoin the BOP from housing him in any United States Penitentiary.  See Amended Compl. at 11.  This claim lacks merit, because federal prisoners do not have a protected liberty interest in being assigned to a particular institution.

It is well settled that in general, an inmate does not have a liberty interest to a particular security classification.  See Sandin v. Conner, 515 U.S. 472, 486 (1995); Olim v. Wakinekona, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Montanye v. Haymes, 427 U.S. 236, 243, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); Newell v. Brown, 981 F.2d 880, 883 (6th Cir.1992); Beard v. Livesay, 798 F.2d 874, 876 (6th Cir.1986).

Moreover, an inmate has no Constitutional right to be assigned to a particular institution or program.  Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976); Young v. Quinlan, 960 F.2d 351, 358 n. 16 (3d Cir. 1992); Pugliese v. Nelson, 617 F.2d 916 (2d Cir. 1980); Lott v. Arroyo, 785 F.Supp. 508 (E.D.Pa. 1991) (Constitution does not confer on state inmate right to participate in pre-release program).  In Moody v. Daggett, 429 U.S. 78 (1976), the Supreme Court addressed a challenge to the impact of a detainer on prison programming.  The Court noted:

---

[3] Furthermore, plaintiff alleges emotional damages, but no physical damages.

13

We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. In <u>Meachum v. Fano</u>, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), for example, no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate. The same is true of prisoner classification and eligibility of rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. §4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process. 429 U.S. at 88 n.9.

In <u>Pugliese v. Nelson</u>, 617 F.2d 916, 923-925 (2d Cir. 1980), the Second Circuit examined the statutes in effect in 1981 applicable to institutional placement and community programs, 18 U.S.C. §§ 4081 and 4082, and found that the statutes vested in the Attorney General "complete and absolute discretion with respect to the incarceration, classification, and segregation of lawfully convicted prisoners." 617 F.2d at 923. The authority of the Attorney General under these statutes has been delegated to the Federal Bureau of Prisons. 28 C.F.R. §0.96.

Under 18 U.S.C. §3621 (1987), the discretion to designate the place of incarceration has been retained and specifically conferred in the BOP. <u>United States v. Laughlin</u>, 933 F.2d 786 (9th Cir. 1991). The First Circuit has also addressed this issue and found that "'[d]ecisions to place a convicted defendant within a particular treatment program or a particular facility are decisions within the sole discretion of the Bureau of Prisons.'" <u>United States v. Melendez</u>, 279 F.3d 16, 18 (1st Cir. 2002), <u>quoting</u> Thy v. United States, 109 F.3d 127, 130 (2d Cir. 1997). The Bureau may at any time direct the transfer of a prisoner from one penal or correctional facility to another. 18 U.S.C. 3621 (b).

In plaintiff's case, he was transferred from the Federal Correctional Institution in Butner, NC to United States Penitentiary in Lewisburg, PA on May 3, 2007. <u>See</u> SENTRY Public Information Inmate Data. Because inmates have no protected liberty interest in being assigned to a particular institution, plaintiff is not entitled to the relief requested. As such, plaintiff's

14

allegations regarding his transfer should be dismissed.

**F.    Defendants Are Entitled To Qualified Immunity[4]**

Plaintiff's constitutional claims should also be dismissed because defendants are entitled to qualified immunity.  The plaintiff is seeking monetary damages against individual defendant government officials.  Qualified immunity shields government officials from suit in performance of a discretionary function unless that official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id.  The D.C. Circuit, in Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998), explained:

> In short, "[a]n official is ... entitled to summary judgment [on qualified immunity grounds] unless '[t]he contours of the right [were] sufficiently clear that a reasonable official would [have] underst[ood] that what he [was] doing violate [d] that right.' " Harris v. District of Columbia, 932 F.2d 10, 13 (D.C. Cir. 1991) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987), aff'd 922 F.2d 443 (8th Cir. 1990)).

By "provid[ing] government officials with the ability reasonably to anticipate when their conduct may give rise to liability for damages," Anderson, 483 U.S. at 646, the doctrine of qualified immunity strikes a balance between compensating those injured by official conduct and protecting the Government's basic ability to function.  See Harlow, 457 U.S. at 813-14.  In other words, qualified immunity is designed to mitigate the social costs of exposing government

---

[4] Although not properly served, and hence, not proper parties in their individual capacities, defendants Council and Elsea would also be protected from personal liability by qualified immunity.

officials to personal liability--costs such as "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." Id. at 816; see also Harris, 932 F.2d at 13.  To this end, qualified immunity provides not simply a defense to liability, but also "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

In determining whether a correctional official is entitled to qualified immunity from personal liability for money damages, there is a two-step process that must be followed by a federal court. Saucier v. Katz, 121 S. Ct. 2151 (2001).  A court must always begin with this first step:  "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 2156.  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.  On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." Id.  Therefore, if the first portion of the two-pronged test is not met, that is, there is no constitutional violation, then the defendants are entitled to qualified immunity. See Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998) (no Eighth Amendment showing of deliberate indifference by BOP Medical Director; therefore, he was entitled to qualified immunity); Verdecia v. Adams, 327 F.3d 1171, 1177 (10th Cir. 2003) ("Because Verdecia cannot meet the first portion of the two-pronged test, the defendants are entitled to qualified immunity.").

In the instant action, the plaintiff fails to allege a single unconstitutional act (or omission)

16

committed by the individually named defendants. Plaintiff's complaint takes issue only with the fact that Lieutenants Elsea and Council investigated allegations of misconduct by other inmates that the plaintiff himself reported and for which he requested assistance. Even if other inmates were able to deduce that the plaintiff had reported them or that he was cooperating in the investigation, other than conclusory allegations, plaintiff fails to articulate how any of the named defendants violated his constitutional rights. See Martin v. Malhoyt, 830 F.2d 237, 254 (D.C.Cir. 1987) (conclusory allegations without supporting facts or allegations against each named defendant cannot form a Bivens claim upon which relief may be granted). Assuming arguendo the complaint could be interpreted to sufficiently state each named defendant committed unconstitutional acts, plaintiff failed to articulate how these constitutional rights were clearly established. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Accordingly, even under the facts as alleged in the complaint, each of the named individual defendants is entitled to qualified immunity, and should be dismissed from this lawsuit.

## G.    Plaintiff Has Failed To Exhaust His Administrative Remedies Under The PLRA

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust "such administrative remedies as are available" before bringing a civil action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). In Booth v. Churner, a unanimous Supreme Court held that the PLRA requires inmates to complete all stages of any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief. See Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion is now required for all actions brought under any federal law with respect to prison conditions. See Porter v. Nussle, 534 U.S. 516, 524, 534 (2002) (holding that the PLRA exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes). "Beyond doubt,

Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 524-25. Therefore, the court must dismiss an inmate's claim if the inmate has failed to exhaust his administrative remedies. See Booth, 532 U.S. at 741 (affirming dismissal of the case for failure to complete exhaustion of the inmate's administrative remedy appeals).

The BOP has implemented a three-tiered administrative remedy procedure under 28 C.F.R. § 542.10 to review any complaint regarding an inmate's confinement. The procedure requires an inmate first to file a complaint with the institution staff.[5] If dissatisfied with the response at that level, the inmate may appeal to the Regional Director. If the Regional Director denies the inmate's appeal, the inmate may then bring a final appeal to the General Counsel in the Central Office of the Bureau of Prisons. An administrative remedy is not considered exhausted until the last level of review.

In the present case, it is undisputed that plaintiff failed to exhaust his administrative remedies concerning any of the issues raised in his complaint. See Ex. 1, Declaration of Bruce Plumley, ¶ 5. First, plaintiff himself admits that he has not exhausted his administrative remedies. Amended Compl. at 10. Second, as set forth in the attached declaration of Bruce Plumley, a BOP Administrative Remedy Specialist, BOP records demonstrate that plaintiff has not filed any administrative remedy requests since August, 2004. Ex 1, ¶ 6. Having failed to exhaust his administrative remedies, plaintiff has failed to comply with the PLRA's mandatory exhaustion requirements and the Court should dismiss his complaint.

---

[5] However, complaints regarding a disciplinary hearing are filed first at the region rather than institution level.

**H.    Injunctive Relief Is Not Warranted In This Case.**

The Court should dismiss plaintiff's request for injunctive relief. The PLRA, 18 U.S.C. § 3626(a)(1), governs injunctive relief in inmate suits regarding prison conditions.[6] Specifically, the act provides, "prospective relief in any civil action with respect to 'prison conditions' shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The court must make particularized findings of the federal right violated and the needs-narrowness-intrusiveness requirements under the Act. See Ruiz v. United States, 243 F.3d 941, 950-51 (5th Cir. 2001); Cason v. Seckinger, 231 F.3d 777, 785 (11th Cir. 2000).

As established above, plaintiff has failed to allege a constitutional violation because inmates have no protected liberty interest in being assigned to a particular institution or program. Moreover, he fails to state a cognizable Eighth Amendment claim. Therefore, there is no violation of a federal right upon which to base any injunctive relief in this case and plaintiff's claims for injunctive relief should be dismissed.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court dismiss plaintiff's action in its entirety.

---

[6] The Supreme Court has defined "prison conditions" as any aspect of prison life. See Porter, 534 U.S. at 532.

Respectfully submitted,

\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

\_\_\_/s/_____
QUAN K. LUONG
Special Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of August, I caused the foregoing Defendant's  Motion

to Dismiss to be served on *pro se* Plaintiff, postage prepaid, addressed as follows:

> Daniel Lee Thornberry
> R88416-011
> USP LEWISBURG
> U.S. PENITENTIARY
> P.O. BOX 1000
> LEWISBURG,  PA 17837

> Daniel Lee Thornberry
> R88416-011
> USP LEWISBURG
> SATELLITE CAMP
> P.O. BOX 2000
> LEWISBURG, PA 17837

___/s/_____
QUAN LUONG
Special Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL LEE THORNBERRY,          )
      PLAINTIFF,          )
                        )
                        )
      v.          )          Civil Action No. 07-CV-00811
                        )
                        )
FEDERAL BUREAU OF PRISONS, et al.,   )
      DEFENDANTS.          )
_____)

## DECLARATION OF BRUCE PLUMLEY

    I, Bruce Plumley, hereby make the following declaration:

1.     I am an administrative Remedy Specialist for the Federal Bureau of Prisons (BOP) in Washington, D.C., and have been served in this capacity since August 22, 2005. I have been employed with the BOP since March 8, 1992.

2.     The BOP's administrative remedy procedure is set out in 28 C.F.R. § 542.10 et seq., and provides formal review of any complaint which relates to any aspect of the inmate's confinement. Within this process, inmates are encouraged to first attempt resolution of their complaints informally by discussing the matter with a member of their Unit Team. A record of the attempt is signed by the inmate and a member of the Unit Team. If informal resolution is insufficient to resolve the matter, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14 (a). If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director, within 20 calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the regional response, he or she may file a national appeal with the Office of General Counsel (in the Central Office) in Washington, D.C. within thirty calendar days of the date the Regional Director signed the response. Id. Appeal to the Central Office is the final administrative appeal in the BOP. No request for administrative remedy is considered to have been fully exhausted until Central Office has issued a formal response to the inmate.

4.     As an Administrative Remedy Specialist, I have access to the BOP database known as SENTRY. All administrative remedy requests and appeals filed by Bureau of Prisons' inmates are cataloged under a permanent and unique number which is maintained in SENTRY.

5.   On July 25, 2007, I reviewed the SENTRY database for Administrative Remedies filed by the Plaintiff Daniel Thornberry, Register Number 88416-011. This review revealed that Plaintiff has submitted a total of eleven (11) Administrative Remedy Requests and Appeals.

6.   From my review of SENTRY I found that all of Plaintiff's Administrative Remedy submissions were filed prior to August 2004. None of these submissions were pursued to exhaustion. Additionally, all the issues addressed in Plaintiff's complaint involve events which he claims occurred in 2006 and beyond. Therefore, Plaintiff has failed to exhaust the administrative remedies with respect to any of the issues addressed in his complaint.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this _27_ day July, 2007.

Bruce Plumley
Administrative Remedy Specialist
Office of General Counsel

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DANIEL LEE THORNBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-0811 (RWR) |
| | ) |
| FEDERAL BUREAU OF PRISONS, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

UPON CONSIDERATION of the Defendant's Motion to Dismiss, the grounds stated therefor and the entire record in this matter, it is by the Court this _____ day of _____, 2007, hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED, and it is further

ORDERED that this case is DISMISSED WITH PREJUDICE.

This is a final appealable order.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE