United States District Court
For the District of Columbia

RECEIVED
SEP 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Daniel Lee Thornberry

   Plaintiff,

V.

Federal Bureau of prisons, et al.,

   Defendants

Civil action no.

07-0811 (RWR)

Plaintiff's motion in opposition to Defendant's motion to Dismiss And plaintiff's cross-motion for Summary Judgement.

Pursuant to all applicable legal precedent And current law, plaintiff moves this honorable court to rule for summary judgement in favor of plaintiff or in the alternative to set the matter for trial.

- 1 -

## Sovereign Immunity

The Bureau of Prisons does not possess Sovereign Immunity insofar as plaintiff is only suing the Bureau of Prisons in its official capacity and not for monetary damages. The Plaintiff is suing the Bureau of Prisons for a temporary Restraining Order and permanent Injunction due to an imminent danger to his physical safety as was set forth in the original complaint.

## Personal Jurisdiction

Although two defendants in this suit which are individually named are not residents of the District of Columbia, they qualify

-2-



for the "long Arm" provision of the D.C. Code § 13-423(A)(1),(2), and (4).

1. Both Lieutenant's Robert Elsea and Lewis Council recieve their livelihood by means of their employment through the Bureau of prisons which is located in the District of Columbia.

2. Both Lieutenants Robert Elsea and Lewis Council contract their services as Correctional Lieutenants for the Bureau of prisons at the Federal Correctional Institution at Butner, North Carolina and are paid salaries to do so from the treasury Department located in Washington, D.C.

-3-

3. Both Lieutenants Robert Elsea and Lewis Council have caused tortuous injury to plaintiff Daniel Lee Thornberry outside of the District of Columbia while deriving substantial revenue by means of salary from services rendered in the District of Columbia as correctional Lieutenants for the Bureau of Prisons and are paid from the Treasury and Budget for the Justice Department which are all located in Washington, D.C.

### Due Process

Furthermore, Due process demands that the plaintiff be accorded discovery to

-4-

determine whether defendants have any interests that further qualify them as District of Columbia defendants as the plaintiff strongly suspects! Due process should be extended to accord plaintiff every opportunity to fairly litigate his claim in this District Court. Otherwise would be to offend a sense of evenhandedness & fair play.

Due process further demands that in the event that the Court should rule against the plaintiff's Jurisdiction argument, it should transfer this case to the Eastern District of North Carolina.

<u>Venue is proper</u>

Pursuant to 28 USC §1391(B)(3) the defendants which are being sued in their individual capacities may be "found" within the meaning of 28 USC §1391(B)(3) as they derive their salaries from the US Justice Department budget and directly from the Treasury Department, which is located in Washington, D.C.

However, again, if this court should find venue improper, plaintiff would move for transfer of this case to the U.S. District Court for the Eastern District of North Carolina.

<u>Service has been perfected against all defendants in this case.</u>

It is established case law in this circuit and other sister circuits for the Court to perfect service on defendants for inmate plaintiff's.

It is further Bureau of Prisons policy to keep first names and addresses of Bureau employees, especially correctional employees confidential and, thus, unavailable to inmate plaintiff's.

In the notion of Due Process and out of a sense of fair play, plaintiff should be held exempt from this provision due to the governments impediment of privacy

accorded to correctional employees.

<u>Eighth Amendment claim is cognizable</u>

<u>Subjective component</u>

As the government correctly points out, <u>Estelle</u> sets the standard for deliberate indifference's subjective component.

In the instant case, defendants Elsea and Council were deliberately indifferent to the plaintiff's safety and security by virtue of their exposing the plaintiff as the chief informant in the several investigations that surrounded plaintiff's request for protective custody.

-8-

Objective Component

The objective component is satisfied by the fact that anyone similarly placed would have reasonably known that to deliberately expose any inmate as an informant would necessarily endanger his physical safety.

In this case, the two-pronged test is satisfied.

In the case of the inmate who threatened the plaintiff, one Rockman auling, He transfered to USP-Lewisburg with the plaintiff on the same transport bus, He perpetuated the speculation that the plaintiff is an informant for the

-9-

administration. This further shows deliberate indifference on the Bureau of prisons officials at the central office level (Washington, D.C.) (This level designate what institution an inmate is assigned to).

While the plaintiff recognizes that Penitentiaries cannot be risk-free, the plaintiff has a protected liberty interest to be free from the constant threat of violence and staff interference in inmate conflicts.

~~Plaintiff has not requested a particular institution or program to be transferred to.~~

While it is well settled that an

-10-

Inmate in federal prison has no protected interest in being assigned a particular institution, he does have a protected interest in reasonable safety from physical harm and psychological torment.

<u>Defendants are not entitled to Qualified Immunity.</u>

To quote the Defense in Moritsugu "an official is entitled to summary judgement on qualified immunity grounds <u>unless</u> the contours of the right were sufficiently clear that a reasonable official would have understood that what he was doing violated that right.

These were not discretionary acts, but mean-spirited for evil motives and should be reasonably punished. The acts complained of violate clearly established law and Bureau of prisons policy.

### Exhaustion of Administrative Remedies

Plaintiff was met with a constitutionally impermissible government impediment to exhaustion of his administrative remedies. Plaintiff further is in imminent danger of physical injury and should be exempt from any ~~[scribbled]~~ exhaustion requirements under 42 USC 1997(e)(a).

-12-

Each time the plaintiff requested the required grievance forms from the Correctional Counselor in charge of administrative remedies, plaintiff was never given one and thus unable to satisfy the exhaustion requirement of 42 USC 1997(e)(a). Plaintiff has since been transferred to USP Lewisburg, PA and cannot grieve actions that occurred in another institution and region per Bureau of Prisons policy.

As the plaintiff has alledged in his complaint for injunctive relief, he is in imminent danger and should be exempt from filing said remedies. This imminent danger to physical safety is as a result of

-13-

the tortuous injury inflicted by all defendants.

<u>Plaintiff's cross-motion for summary Judgement.</u>

Accordingly, as the plaintiff has alledged indisputed facts, He should be either granted summary Judgement or the matter should be set for trial.

Respectfully,

September 19, 2007
Dated

Daniel Lee Thornberry

Daniel Lee Thornberry
Plaintiff

-14-