UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL LEE THORNBERRY, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 07-0811 (RWR) <br> ) |
| FEDERAL BUREAU OF PRISONS, et al. | ) <br> ) |
| Defendants. | ) <br> ) |

**<u>DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND
OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

**DISCUSSION**

Defendants, Harley Lappin, Director, Federal Bureau of Prisons ("BOP"), BOP employees Lieutenant Lewis Council and Lieutenant Robert Elsea, by and through their undersigned counsel, respectfully submit this reply in support of defendants' motion to dismiss. ("Def's. Mot. to Dismiss").[1]  Plaintiff's opposition represents nothing more than a series of conclusory arguments, wholly unsupported by any law or facts.  At best, plaintiff has merely reiterated his previously stated factual allegations against defendants without providing any basis to rebut defendants' arguments that his complaint suffers from numerous fatal deficiencies.  This Court need look no further into this complaint before determining it ripe for dismissal based on the deficiencies raised in defendants' motion to dismiss and addressed further below.

For these same reasons, defendants also oppose plaintiff's cross motion for summary judgment in his favor.  Also, plaintiff has not satisfied the requirements of Local Civil Rule 7(h),

---

[1] Plaintiff's opposition did not include a certificate of service and the undersigned counsel first learned of this filing on September 24, 2007 via the Court's ECF notification.

nor provided admissible evidence to support any judgment in his favor.  See Fed. R. Civ. Proc. 56.

I.  **Plaintiff Fails To Demonstrate That This Court Has Personal Jurisdiction Over Individual Defendants (Lieutenants Council And Elsea)**

In his opposition, plaintiff admits that defendants Lieutenants Council and Elsea are not residents of the District of Columbia, but argues that this Court has personal jurisdiction over them pursuant to the District's long arm statute, specifically, § 13-423(A)(1)(2) and (4), for the following reasons:  (1) BOP headquarters is located in the District of Columbia and (2) the salaries of Lieutenants Council and Elsea are paid from the Treasury Department and based upon the budget for the Justice Department, both of which are located in the District of Columbia.  Pl. Opp. at 3-4.  Even if true, none of these facts demonstrate that Lieutenants Council and Elsea transacted any business, contracted to supply any services, or caused any tortious injury in the District of Columbia.  See § 13-423(A)(1)(2) and (4).  It is undisputed that defendants Elsea and Council are employed at the FCI in Butner, NC, that the alleged injuries about which plaintiff complains occurred in Butner, NC, and that there is no *act* or *injury* alleged to have been accomplished within the District of Columbia by any of these defendants.

Even assuming, though, that the factors articulated by plaintiff satisfy any of the criteria of the District's long arm statute, they are inconsistent with the demands of due process.  United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Crane v. Carr, 814 F.2d 758, 762 (D.C. Cir. 1987).  The mere fact that BOP headquarters is located in the District of Columbia and that the defendants are paid salaries that may come from the public fisc of Agencies located in the District of Columbia is such an attenuated connection as to contravene the notions of fair play

and substantial justice. See Cameron v. Thornburgh, 983 F.2d 235, 256 (D.C. Cir. 1993) (fact that defendants are employees of the BOP and the Central Office of that agency happens to be in Washington, D.C., is insufficient to establish the requisite "minimum contacts" with the District of Columbia). Plaintiff simply has not and cannot demonstrate that the presence of the defendants in the District of Columbia is "continuous and systematic" as to meet the "minimum contacts" requirement. International Shoe Co. v. Washington, 326 U.S. 310 (1945).

## II.     The Case Must Be Dismissed for Improper Venue

Plaintiff does not dispute the defendants' assertions that none of the individual federal defendants resides in the District of Columbia, that none of the events giving rise to the claim occurred within the District of Columbia, and that the plaintiff does not reside in the District. See Def. Mot. to Dismiss at 3, 7-8. Plaintiff only argues that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because Lieutenants Council and Elsea "derive their salaries from the US Justice Department budget and directly from the Treasury Department, which is located in Washington, D.C." Pl. Opp. at 6.

Plaintiff's reliance on 28 U.S.C. § 1391(b) is misplaced because under the language of this provision, it does not apply where there exists another district "in which the action may otherwise be brought." Id. In this case, plaintiff's complaint involves allegations related to actions that took place in Butner, NC, not in the District of Columbia. Thus, plaintiff's claims, were they viable at all, could be brought in the Eastern District of North Carolina. See 28 U.S.C. 1391(b)(2).

## III.    The Individual Defendants Are Entitled To Qualified Immunity

Plaintiff is seeking monetary damages against the individual federal defendants.

3

Qualified immunity, however, shields government officials from suit in performance of a discretionary function unless that official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In his opposition, plaintiff claims that Lieutenants Council and Elsea are not entitled to qualified immunity because their actions were "mean spirited for evil motives" and "violate clearly established law and Bureau of Prisons policy." Pl. Opp. at 3-4. Beyond these sparse and conclusory allegations, however, plaintiff fails to set forth any specific allegations that defendants violated a clearly established constitutional or statutory right of which a reasonable person would have known.

**IV.    Plaintiff Has Not Perfected Service Against Individual Defendants**

Plaintiff readily admits that none of the individual defendants in this action were properly served with the complaint in accordance with the rules applicable to individual defendants. Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997). However, he argues that case law in this circuit requires the "Court to perfect service on defendants for inmate plaintiffs." Pl. Opp. at 7. He also claims that he should not be held to the service requirements because the home addresses of the individual BOP defendants is kept confidential and thus was unavailable to him. Id. Plaintiff provides no authority for either position and his complaint should be dismissed for failure to effect proper service.[2] It is simply undisputed that

---

[2] Under some circumstances, additional opportunities may be available to a plaintiff to effect proper service on a defendant in a civil action. See Fed. R. Civ. P. 4(i)(3); Moore v. Agency for International Development, 994 F.2d 874 (D.C. Cir. 1993). However, in light of the several other reasons calling for dismissal of plaintiff's claims, no purpose would be served by the calling for additional efforts to effect proper service in this action. See Simpkins v. District of Columbia Government, 108 F.3d at 370 (dismissing baseless Bivens claim on the merits notwithstanding lack of proper service).

plaintiff has attempted to serve the individual defendants only by mailing documents to their respective places of employment. See Docket Entry 7. Service at the defendant's place of employment is not proper service. See Leichtman v. Koonz, 527 A.2d 745, 747, n. 5 (D.C. 1987) (office employee with authority to receive business mail does not by virtue of his or her position, have authority to receive process, and actual knowledge of the existence of a lawsuit is no substitute for personal service). Because the record in this action is devoid of any evidence of proper personal service upon the federal defendants in their individual capacities, this action should not be allowed to proceed against them individually.

**V.     Plaintiff Fails To State An Eighth Amendment Claim**

Plaintiff has failed to state an Eight Amendment claim against the BOP or any of the individual federal defendants. In its motion to dismiss, defendants pointed out that plaintiff's Eighth Amendment claim was premised on nothing more than vague and conclusory allegations that plaintiff was somehow exposed as an informant by the defendants. Def. Mot. to Dismiss at 10-13. Plaintiff appeared to allege that Lieutenants Elsea and Council investigated allegations of misconduct that he raised by interviewing him and other inmates and in doing so, unwittingly revealed to other inmates that he was an informant. Id. Even assuming such allegations to be true, plaintiff failed to demonstrate "deliberate indifference" to plaintiff's constitutional rights.[3]

In his opposition, plaintiff now seems to imply that Lieutenants Council and Elsea knowingly and deliberately exposed him as an informant. Pl. Opp. at 8-9. However, as with the

---

[3] In his amended complaint, plaintiff refers to certain actions by Lieutenant Council as "incompetent gestures." Amended Compl. at 5. Such allegations, even if true, are not demonstrative of the "deliberate indifference" plaintiff is required to show pursuant to an Eighth Amendment claim.

rest of his complaint, plaintiff offers nothing more than this bald assertion.  Indeed, the BOP has available procedures to house inmates in secure facilities where appropriate and where the inmate requests such protection.  See 28 C.F.R. § 541.22(a)(5).  Plaintiff does not allege he has even sought such housing.  The absence of any such factual allegations in plaintiff's opposition only serves to highlight the speciousness of his claim and the appropriateness of dismissing this complaint for failure to state a claim.

### VI. Plaintiff's Complaint Must Be Dismissed For Failure to Exhaust His Administrative Remedies

Plaintiff again admits that he did not exhaust his administrative remedies with regards to any of the issues raised in this case.  Pl. Opp at 12-14.  He claims for the first time in his opposition that he was unable to secure the necessary forms for fling a grievance.  Id.  Again, he provides no specific detail or evidence in support of such allegations.  Moreover, it bears emphasizing that plaintiff has filed at least 11 administrative grievances regarding other issues during his incarceration.  See Def. Mot. to Dismiss at Ex 1 (Plumley Declaration).  Plaintiff clearly is no stranger to the prison administrative grievance process and has demonstrated no difficulties in filing any administrative grievances in the past.  The plaintiff's claim that he was unable to secure the necessary forms simply is not credible and should be rejected by this Court. Even assuming that such allegations to be true, defendants submit that plaintiff still fails to set forth any excusable basis for his failure to exhaust his administrative remedies.[4]  Having failed to exhaust his administrative remedies, plaintiff has failed to comply with the PLRA's mandatory exhaustion requirements and the Court should dismiss his complaint.

---

[4] There is no indication that plaintiff could not have submitted a grievance on his own paper with a notation that the appropriate forms were unavailable.

**VII.     Plaintiff Is Not Entitled To The Injunctive Relief That He Seeks**

Finally, plaintiff does not dispute that sovereign immunity bars his claim for monetary damages against the BOP and the individual defendants in their official capacities. Pl. Opp. at 2. He argues, though, that his claim for injunctive relief that the BOP be enjoined from housing him in any United States Penitentiary or federal correctional institution does not suffer any similar infirmities. Id. Admittedly, sovereign immunity does not bar claims for injunctive relief against the BOP. However, it is well settled that the prisoners do not have a constitutional right to be assigned to a particular institution. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976); Young v. Quinlan, 960 F.2d 351, 358 n. 16 (3d Cir. 1992); Pugliese v. Nelson, 617 F.2d 916 (2d Cir. 1980); Lott v. Arroyo, 785 F.Supp. 508 (E.D.Pa. 1991) (Constitution does not confer on state inmate right to participate in pre-release program). Under 18 U.S.C. §3621 (1987), the discretion to designate the place of incarceration has been retained and specifically conferred in the BOP. United States v. Laughlin, 933 F.2d 786 (9th Cir. 1991).

Moreover, plaintiff has failed to demonstrate that he is entitled to any injunctive relief. The PLRA, 18 U.S.C. § 3626(a)(1), governs injunctive relief in inmate suits regarding prison conditions and the act provides that "prospective relief in any civil action with respect to 'prison conditions' shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The court must make particularized findings of the federal right violated and the needs-narrowness-intrusiveness requirements under the Act.

See Ruiz v. United States, 243 F.3d 941, 950-51 (5th Cir. 2001); Cason v. Seckinger, 231 F.3d 777, 785 (11th Cir. 2000).

In this case, plaintiff has failed to allege a constitutional violation because inmates have no protected liberty interest in being assigned to a particular institution or program and he has failed to state a cognizable Eighth Amendment claim. Therefore, there is no violation of a federal right upon which to base any injunctive relief in this case and plaintiff's claims for injunctive relief should be dismissed.

Moreover, insofar as he seeks to enjoin his further incarceration, his claim must be brought against his warden in the jurisdiction of his incarceration, by way of a petition for writ of habeas corpus. Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988) (en banc) (a federal prisoner's attack on the "fact or duration" of his confinement is relegated to § 2241 habeas relief which must be brought in the federal district of incarceration); see also Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"); see also 28 U.S.C. § 2241(a) (stating that district courts are limited to granting habeas relief "within their respective jurisdictions"). In this case, plaintiff is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Pl. Opp. at 9. Thus, for this additional reason, plaintiff's claim for injunctive relief is not cognizable in this Court.

## CONCLUSION

Plaintiff's opposition represents nothing more than conclusory arguments, wholly unsupported by any law or facts and he has presented no evidence to overcome the numerous deficiencies in his complaint. For these reasons and the reasons set forth in defendants' motion

to dismiss, defendants respectfully request that this Court dismiss plaintiff's action in its entirety.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

__/s/_____
QUAN K. LUONG
Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2007, I caused the foregoing Defendants' Reply in Support of Defendants' Motion to Dismiss and Opposition to Plaintiff's Cross-Motion for Summary Judgment to be served on *pro se* Plaintiff, postage prepaid, addressed as follows:

Daniel Lee Thornberry
R88416-011
USP LEWISBURG
U.S. PENITENTIARY
P.O. BOX 1000
LEWISBURG, PA 17837

Daniel Lee Thornberry
R88416-011
USP LEWISBURG
SATELLITE CAMP
P.O. BOX 2000
LEWISBURG, PA 17837

    \_\_/s/_____
    QUAN LUONG
    Special Assistant United States Attorney