UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL LEE THORNBERRY,<br><br>      Plaintiff,<br><br>      v.<br><br>FEDERAL BUREAU OF PRISONS *et al.*,<br><br>      Defendants. | Civil Action No. 07-0811 (RWR) |

MEMORANDUM OPINION

In this action brought *pro se*, plaintiff, a federal prisoner, accuses defendants of subjecting him to risk of harm in violation of the Eighth Amendment. He sues the Bureau of Prisons, BOP Director Harley G. Lappin in his official capacity, Lieutenant Robert Elsea in his personal and official capacity, and Lieutenant Lewis Council in his personal and official capacity. Plaintiff seeks injunctive relief against BOP and Lappin and monetary damages against Lt. Elsea and Lt. Council. *See* Am. Compl. [Dkt. No. 12] at 11.

Defendants move to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), for lack of personal jurisdiction under Rule 12(b)(2), for improper venue under Rule 12(b)(3), for insufficiency of service of process under Rule 12(b)(5), and for failure to state a claim upon which relief may be granted under Rule 12(b)(6). Upon consideration of the parties' submissions and the entire record, defendants' motion to dismiss will be granted on the grounds of improper venue and lack of personal jurisdiction.

# I.  BACKGROUND

Plaintiff alleges that in December 2006 while incarcerated at the Federal Correctional Institute in Butner, North Carolina, he told Lt. Elsea that he needed protective custody "due to owing money on the compound for commissary items."  Am. Compl. at 3.  In response, Lt. Elsea said that plaintiff's "word is no good . . . I ought to send you back to the unit & let them beat your ass."  *Id*.  After having plaintiff identify the inmate to whom he owed money, Lt. Elsea "ordered an officer to escort the plaintiff . . . to the special housing unit" pending an investigation by "Special Investigative Agent (SIS)" Council.  *Id*. at 4.  After an interview with Lt. Council, during which plaintiff identified another inmate as "pressuring mentally ill inmates for commissary items," Lt. Council "had the plaintiff escorted to the SHU unit in front of the unit where the above-mentioned inmates were housed."  *Id*. at 5.

Lt. Council later informed plaintiff that "he had spoken to several inmates 'on the compound' and discovered that the plaintiff owed 'quite a bit' of money to several different people."  *Id*. at 5-6.  "Several interviews with Lt. Council later, the plaintiff . . . asked Lt. Council what his problem was with the plaintiff.  Lt. Council said 'I don't like your style' and 'you've caused me nothing but problems.'"  *Id*. at 6-7.  Plaintiff claims, among other misdeeds, that Lt. Council violated BOP policy to protect the identity of confidential informants and exhibited deliberate indifference to his safety.  He claims to have suffered psychologically during the investigation and "has been diagnosed with a myriad of psychiatric disorders."  *Id*. at 9.

# II.  DISCUSSION

## A. *Subject-Matter Jurisdiction*

Defendants argue first that sovereign immunity bars plaintiff's suit for monetary damages against BOP and the individual defendants in their official capacity, but plaintiff rightly asserts in

opposition that he is not seeking monetary damages against what in effect is the United States. *See* Plaintiff's Motion in Opposition to Defendants' Motion to Dismiss and Plaintiff's Cross-Motion for Summary Judgment ("Pl.'s Opp.") [Dkt. No. 14] at 2. Defendants' Rule 12(b)(1) motion to dismiss the complaint on the basis of sovereign immunity therefore is denied.

### B. Personal Jurisdiction

Defendants argue next that plaintiff has not shown how this court has personal jurisdiction over the individual defendants sued in their personal capacity when none is alleged to reside in the District of Columbia. A plaintiff bears the burden of alleging facts sufficient to make a prima facie showing establishing personal jurisdiction. *Mwani v.. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005). A court determines whether it may constitutionally exercise personal jurisdiction over a nonresident defendant by determining whether the defendant is subject to jurisdiction under the applicable long-arm statute, and if so, whether exercising jurisdiction is consistent with the constitutional requirements of due process. *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).

This Court has jurisdiction under the District of Columbia long-arm statute over individuals or their agents for claims arising from business transactions, contracts to provide services, or tortious injuries that occurred in the District of Columbia. D.C. Code § 13-423(a)(1)-(4).[1] "Plaintiff[] must satisfy [the statutory] requirements and also establish minimum

---

[1] The long-arm statute provides in relevant part:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's --
   (1) transacting any business in the District of Columbia;

(continued...)

contacts within confines of due process before the Court can exercise personal jurisdiction. . . ." *Blumenthal v. Drudge*, 992 F. Supp. 44, 53 (D.D.C. 1998). The Court's exercise of personal jurisdiction cannot offend "traditional notions of fair play and substantial justice." *Cellutech, Inc. v. Centennial Cellular Corp.*, 871 F. Supp. 46, 48 (D.D.C. 1994) *(quoting Dooley v. United Technologies Corp.*, 786 F. Supp 65, 71 (D.D.C. 1992)).

     Plaintiff acknowledges that neither Lt. Council nor Lt. Elsea resides in the District of Columbia but claims that they "qualify" under the long-arm statute as employees of BOP. Pl.'s Opp. at 2. The mere fact that these defendants are employees of BOP, the headquarters office of which is in the District of Columbia, does not render them subject to suit in their individual capacities in the District of Columbia. *See Stafford v. Briggs*, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity). And, contrary to plaintiff's assertion, the complaint alleges no facts to establish that plaintiff suffered any injury in the District of Columbia. The complaint against defendants Council and Elsea will be dismissed for lack of personal jurisdiction.

---

[1](...continued)
  (2) contracting to supply services in the District of Columbia;

  (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

  (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; . . . .

D.C. Code § 13-423(a).

### C. Improper Venue

The complaint allegations also reveal that venue in this district is improper for litigating the claims. The applicable venue statute states in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Subsection one does not provide a basis for venue in this district because not all of the named defendants reside in the same state. Subsection three would provide a basis for venue here only if no other district is available in which to bring the action. *See generally,* 28 U.S.C.A. § 1391, Commentary. Under subsection two, though, venue would lie in the Eastern District of North Carolina, where the violations are alleged to have occurred.

### CONCLUSION

For the reasons stated, defendants' motion to dismiss under Rule 12(b)(2) and 12(b)(3) will be granted. An appropriate order accompanies this memorandum opinion.

_____/s/_____
RICHARD W. ROBERTS
DATE: March 7, 2008                United States District Judge